# EXHIBIT 1

To order this form visit www.printcards.com
Target Information Management, Inc.

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| STATE OF MICHIGAN | | | CASE NO. |
|---|---|---|---|
| Chippewa JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | | 19-15841 CK |

Court address
319 Court Street Sault Ste Marie mi 49783    Court telephone no. 906-635-6300

Plaintiff's name(s), address(es), and telephone no(s).

Krista Jones
9090 E. Haypoint Road
Sault Ste marie mi 49783
906-748-4512

v

Defendant's name(s), address(es), and telephone no(s).

The Interlake steamship co
7300 Engle Road
middleburg Heights OH
44130
440-260-6900

Plaintiff's attorney, bar no., address, and telephone no.

Krista Jones
9090 E Haypoint Road 49783
Sault Ste marie mi
906-748-4512 Inproper

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint. Two cases filed simultaneously regarding the same transactions

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>11/26/2019 | Expiration date*<br>2/24/2020 | Court clerk<br>Jenny Schореl - Chief Dep |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18) **SUMMONS**    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

**DEFENDANT**

| SUMMONS | Case No. |
|---|---|

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| □ OFFICER CERTIFICATE | OR | □ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

□ I served personally a copy of the summons and complaint.
□ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with
_____
List all documents served with the summons and complaint

on the defendant(s): _____

The action □ remains □ is no longer pending.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

**Civil Case**
□ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
□ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in □ this court.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | Court, where |
| | | |

□ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

**Domestic Relations Case**
□ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
□ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) as required by MCR 3.206(A).

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | |
|---|---|---|---|
| $ | | $ | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE |
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____    Signature: _____
Date                                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with
_____
Attachments

on _____
Day, date, time

on behalf of _____
Signature

State of Michigan
Chippewa County

Krista Jones,
                    Plaintiff,

v                                          Hon. James Lambros
                                           Case # 19-15841-CK
                                           Filed: _____

Interlake Steamship Company,
                    Defendant.
_____/

RECEIVED

NOV 26 2019

50TH CIRCUIT COURT
CHIPPEWA COUNTY CLERK

## Complaint and Jury Demand

### Introduction, venue, and parties

1.     This is an action by an employee against an employer for its breach of an employment contract and practices by relieving the plaintiff-employee of duty on May 30, 2019.

2.     Plaintiff Krista Jones lives at 9090 E Haypoint Road, Sault Ste. Marie, MI, 49783 in this county and until May 30, 2019, was an employee of defendant Interlake Steamship Company ("Interlake").

3.     Interlake is at 7300 Engle Road, Middleburg Heights, Ohio, 44130, and does business in this county.

### Background facts

4.     Interlake ships cargo around the Great Lakes.  It has a fleet of seven ships. Jones's ship was the Stewart J. Cort, which carried iron ore between Duluth and Chicago through the Soo Locks.

5.      Before coming to Interlake Jones had schooling and employment in the culinary field.

6.      Jones hired on at Interlake in December 2011 as a second cook in the galley. In 2014 she was promoted to relief steward.

7.      In March 2018 she became the permanent "steward," or cook, working seven days a week. She joined, paid a $3000 initiation fee, and began dues to Marine Engineers Beneficial Association District # 1-PCD ("MEBA"), which negotiated a contract concerning some of her terms and conditions of employment.

8.      Cooking is a profession. In addition to cooking the entrées, Jones supervised the second cook and the porters.

9.      Everyone under the contract, under pain of termination, is required to become and remain a good-standing MEBA member.

10.     Everyone is likewise a supervisor.

11.     Under a side letter to the contract, MEBA and Interlake agreed MEBA would not grieve or arbitrate violations regarding the wages, safety, disparate treatment of similarly situated employees, and other fundamental terms and conditions of employment for cooks.

12.     Under article XIII section 1(c)(2) of the contract Jones's continuous service could be broken by "termination due to discharge for just cause," or for several other reasons which are listed in the contract but inapplicable to this dispute.

13.    She was a salaried employee with no set reporting time, except she had to
be in the galley till 5:00 pm.

14.    Other than a verbal warning in about 2015, Interlake never disciplined
Jones for anything, and her annual appraisals were satisfactory or better.

**Jones is relieved of duty.**

15.    On May 29, 2019, Jones's first day back from a vacation, she worked on the
Cort, cooking all day.

16.    The captain was Greg Sipper to whom she reported while he was on the
ship.  He was not on the ship during her work that day.  Otherwise her supervisor was
Jason Toth at company offices in Ohio.

17.    A 6:00 pm sailing for Chicago was posted on the chalk board by the ladder,
which is raised and lowered for people to board and leave the ship.

18.    About 5:40 pm she spoke with Tom Greenleaf, a wheelsman who was
operating the ladder.  The ship was loading ore.  Greenleaf told Jones the loading would
take time and despite the chalk board posting the ship would not sail for an hour and a
half.  She had written her phone number on the chalk board, told Greenleaf it was there,
and asked if he would give her a one-hour notice call (similar to a call typically given to
Sipper), because she was going up the street to buy a clock.  He said yes.

19.    A wall clock was needed for the galley because the old one had broken

3

during her vacation.  A galley clock is necessary to time cooking and be ready for mealtimes.  At a store she paid $10 out of pocket for a battery-operated model.

20.   Jones returned with the clock to the ship at 6:54 pm.  No phone call had come but the Cort was already leaving as she walked up.

21.   She called supervisor Toth in Cleveland.  He called back later and said not to worry and everything would be ok.  Without naming them, he said three other people had missed another Interlake ship, the Lee Tregurtha, a week earlier in Marquette, this happens all the time, it is not a big deal, and people don't get fired for it.  He said to get a hotel room for the night.

22.   Jones learned later from Theresa Onizchak, the Tregurtha's second cook, that the three left behind in Marquette had been let back on the Tregurtha at the Soo Locks.

23.   The Cort was not scheduled back to Duluth for about a week.  Her purse and ID were still aboard the ship, as were her other clothes and personal items.  Instead of getting a hotel and driving the next day to Sault Ste. Marie (her home), she decided to drive there through the night and meet the downbound Cort at the Locks.  She and Toth texted each other as she drove home.  He suggested, but did not instruct her, to get a hotel if she had any issues.

24.   The next morning, May 30, she called Toth and Paul Christensen, Interlake's head of operations.  They said the company was relieving her of duty,

4

supposedly because of complaints from crew members.  Christensen added that he

hoped the clock was worth it because she lost her job because of it.  Jones responded the

company's action was unfair.

25.     At the Locks Interlake replaced Jones with Susan Doorman as the Cort

cook.

26.     When the Cort next came downbound through the Locks a week later, Jones

sent the clock aboard via the grub boat.

27.     At the same time she was able to retrieve her clothes and purse and ID.

28.     Interlake issued Jones no written notice of its action or the reasons.

29.     About a week later Interlake falsely reported to the state unemployment

office she had been laid off.


**Comparators**

30.     Toth's unnamed three employees who missed the ship in Marquette returned

to work with no discipline or discipline less than discharge.

31.     In January 2019 acting chief Mark McTaggart missed the Cort in Duluth

because he had returned to the ship drunk was sent to rehab at a hospital.  Within a

couple of weeks he returned to work as a first engineer on a different Interlake ship, the

James L. Overstar.

32.     In the summer of 2018 second cook Tom Moore missed a different Interlake

ship, the James L Barker, because of an arrest for drunk driving in a company vehicle. He served jail time. A year later he came back to work on the Cort as a second cook.

**Jones's attempt and MEBA's refusal to grieve**

33.    MEBA did not maintain a representative on the Cort or in the fleet.

34.    On May 31 Jones called Mark Gallagher, MEBA's contract rep, to say she needed a grievance.

35.    She did not have a copy of the contract and side letter, so on or about June 28 MEBA sent her one, after charging her $25.

36.    After several contacts over a period of months with Gallagher, MEBA reps Tracy Burke, Jason Callahan, and Marshall Ainley, and MEBA's District Executive Committee, MEBA determined it could and would not grieve, due to language in the contract side letter forbidding grievances for cooks relieved of duty. The last contact with MEBA was on September 27.

**Claims**

37.    Being that Jones and her shipmates under the contract were supervisors, federal labor law at 29 USC 141 et seq and 151 et seq is inapplicable.

38.    Interlake's relieving of Jones of duty on May 30 violated company past practices and the contract, as did also its failure to reimburse her for the clock.

39.    As a result Jones has lost significant sums of wages and benefits, exceeding

6

$35,000 to date.

**Relief requested**

40.     Wherefore plaintiff asks the court to determine if this matter is preempted by federal law under the doctrines of *MEBA v Interlake Steamship Co*, 370 US 173 (1972), *San Diego Building Trades Council v Garmon* 359 US 236 (1959), and *Teamsters Local 174 v Lucas Flour Co*, 369 US 95 (1962).

41.     If not preempted, Jones asks the court to try the facts of this case under state law[1] before a jury, and order her reinstatement, and backpay, interest, and benefits commensurate with the rank, seniority, promotions, and raises Jones would have attained had she not been fired, including:

a.     compensation for any tax penalty she might incur due to receiving an unusual amount of backpay income in one year,

b.     compensation for the clock,

c.     costs and any attorney fees she might incur, and

d.     any other equitable relief to which she might be entitled.


Respectfully submitted,

Krista Jones, In Pro Per
9090 E Haypoint Road

---

[1]     *National Licorice Co v NLRB, 309 NLRB 350, 365 (1940).*

Sault Ste. Marie, MI  49783
906-748-4512
*krista_payment_64@hotmail.com*

Dated: May 25, 2019

FORM NLRB-501
(2-18)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>The Interlake Steamship Company | | b. Tel. No.<br>440 260 6900 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br>7300 Engle Road,<br>Middleburg Heights, OH<br>44130 | e. Employer Representative<br>Mark Barker, Owner | g. e-mail |
| | | h. Number of workers employed<br>200 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Maritime shipping | j. Identify principal product or service<br>Maritime shipping | |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and

(list subsections)  (2), (3), (5)                                                    of the National Labor Relations Act, and these unfair labor

practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices affecting commerce within the meaning of

the Act and the Postal Reorganization Act.

2. Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*
Within the six months preceding the filing of this charge, the above-named Employer, by its officers, agents, and representatives, has
interfered with, restrained and coerced employees in the exercise of their rights guaranteed by Section 7 of the Act by discharging Krista
Jones because she engaged in Union and protected concerted activities, including by serving as a Union steward.

By these and other acts, the above-named Employer has interfered with, restrained, and coerced employees in the exercise of their rights
under Section 7 of the Act.
Amended charge:  See attachment.

3. Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Krista Jones

| 4a. Address *(Street and number, city, state, and ZIP code)*<br>9090 East Haypoint Road, Sault Ste. Marie, MI 49783 | 4b. Tel. No. |
|---|---|
| | 4c. Cell No.<br>906 748 4512 |
| | 4d. Fax No. |
| | 4e. e-mail<br>krista_payment_64@hotmail.com |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*
N/A

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements<br>are true to the best of my knowledge and belief. | | Tel. No.<br>231-547-2626 |
|---|---|---|
| Ellis Boal | for Krista Jones | Office, if any, Cell No. |
| *(signature of representative or person making charge)* | *(Print/type name and title or office, if any)* | Fax No. |
| Address 9330 Woods Road, Charlevoix, MI 49720 | Date Nov 26, 2019 | e-mail<br>ellisboal@voyager.net |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

Amended CA charge for Krista Jones, 11/26/19:

In 2013 the parties negotiated a side letter to the CBA in which the union pledged to refuse to bargain for its member cooks over certain mandatory subjects, including wages, safety, disparate treatment of similarly situated employees, and other fundamental subjects, and the parties continue to enforce the side letter in regard to the charging party's being relieved of duty on May 30, 2019.

Additionally, the bargaining unit may include one non-supervisory member (the charging party) while all other covered employees may be supervisory.

Additionally, the CBA requires covered employees to be union members, not merely agency fee payers.

Amended CB charge for Krista Jones, 11/26/19:

In 2013 the parties negotiated a side letter to the CBA in which the union pledged to refuse to bargain for its member cooks over certain mandatory subjects, including wages, safety, disparate treatment of similarly situated employees, and other fundamental subjects, and the parties continue to enforce the side letter in regard to the charging party's being relieved of duty on May 30, 2019.

Additionally, the bargaining unit may include one non-supervisory member (the charging party) while all other covered employees may be supervisory.

Additionally, the CBA requires covered employees to be union members, not merely agency fee payers.